**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA DEAN, | Civil Action No. 25-172 (SDW) (CLW) |
| Plaintiff, | |
| v. | **OPINION** |
| TAKE FLIGHT ADVISORS, LLC, DAVID S. MEYERS, | July 28, 2025 |
| Defendants. | |

**WIGENTON**, District Judge.

This matter comes before this Court on Plaintiff Joshua Dean's ("Plaintiff" or "Mr. Dean") Motion to Remand, (D.E. 7), and upon the Report and Recommendation ("R&R") of the Honorable Cathy L. Waldor, U.S.M.J., recommending that Plaintiff's Motion be granted, (D.E. 17 at 1.) Having received objections to the R&R from Defendants, (D.E. 18), this Court reviews the issues raised *de novo*. 26 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); L. Civ. R. 72.1(c)(2). This Court has carefully considered the parties' submissions and resolves the matter without oral argument pursuant to Local Civil Rule 78.1. This Court declines to adopt the R&R. Nevertheless, and for the reasons discussed below, Plaintiff's Motion to Remand is **GRANTED**.

**I.   BACKGROUND**

1

The core issue in this matter is whether Defendant Take Flight Advisors, LLC ("Take Flight" or "the LLC") is a citizen of both New Jersey and Illinois, or solely New Jersey, for purposes of diversity jurisdiction.

Plaintiff initially filed his Complaint in the Law Division of New Jersey Superior Court, Bergen County on December 20, 2024, seeking to enforce a mandatory arbitration clause in the 2024 Operating Agreement he claims he and Mr. Meyers negotiated and executed. (D.E. 1-1 ("Compl.") at 3–5.) According to Plaintiff, the 2024 Operating Agreement gave him a fifty percent interest in Take Flight. (Compl. ¶ 4.)

On January 7, 2025, Defendants removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441. (D.E. 1 ("Notice of Removal" or "NOR") at 5–6.) In their NOR, Defendants challenge the validity of the 2024 Operating Agreement and Plaintiff's purported fifty percent interest in the LLC, arguing the Agreement is void because it was procured under duress. (NOR at 3–4.) Defendants set forth that Take Flight is a partnership marketing agency whose true members are Mr. Meyers and his wife, Barbra Meyers. (NOR ¶¶ 2–3; D.E. 9 ¶¶ 8–9; D.E. 8 at 5.) Because Plaintiff is not a valid member of the LLC, Defendants put forth, Take Flight is only a citizen of New Jersey, which would confer diversity jurisdiction on this Court. (NOR ¶¶ 13–16.)

On January 10, 2025, Plaintiff moved to remand this action back to State Court, and the parties timely briefed the Motion to Remand ("MTR"). (D.E. 7.) Plaintiff argued that Defendants cannot meet their burden of proving federal jurisdiction, particularly because Take Flight's Certification of Formation does not identify Mrs. Meyers as a member, but Plaintiff has furnished the 2024 Operating Agreement, executed by both him and Mr. Meyers. (D.E. 7-2 at 7–8.) Defendants maintain that their NOR sufficiently sets forth factual allegations demonstrating Take

2

Flight is only a citizen of New Jersey. (D.E. 8 at 4, 8–10.) Defendants submit that pursuant to the Revised New Jersey Limited Liability Act, Plaintiff is not a valid member of the LLC because Mrs. Meyers did not consent to Plaintiff's membership. (*Id.* at 9–10.)

This Court referred the MTR to Magistrate Judge Waldor, who concluded this matter should be remanded given that Plaintiff's Complaint failed to plead the elements necessary to find diversity jurisdiction. (D.E. 17 at 4–5.) Defendants timely objected to the R&R; Plaintiff responded to said objections. (D.E. 18 & 19.)

## II. LEGAL STANDARD

District courts may refer dispositive and non-dispositive motions to magistrate judges. 28 U.S.C. § 636; *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 98 (3d Cir. 2017). Within fourteen days of being served with the magistrate judge's report or recommendation, any party may object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); L. Civ. R. 72.1(c)(2). Then, the district judge reviews "*de novo* any part of the magistrate judge's disposition that has been properly objected to." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III. DISCUSSION

A defendant may remove any civil action to a federal district court having original jurisdiction over the action. 28 U.S.C. § 1441. Section 1332(a) confers original, diversity jurisdiction on a federal court if the matter is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). "Unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"[1] *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (alteration in original) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.2d 412, 419 (3d Cir. 2010)).

---

[1] 28 U.S.C. § 1331 confers original, federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." *Exxon Mobil Corp. v. Allapattah Svcs., Inc.*, 545 U.S.

3

Citizenship rules for the diversity inquiry are well established. *Zambelli*, 592 F.2d at 419. "A natural person is deemed to be a citizen of the state where he is domiciled." *Id.* Unincorporated entities, such as a partnership or LLC, take on the citizenship of each of its members. *Id.* at 420. For complete diversity to exist in cases involving an LLC, all the LLC's members "must be diverse from all parties on the opposing side." *Lincoln Benefit*, 800 F.3d at 105 (quoting *Swiger v. Allegheny Energy*, 540 F.3d 179, 185 (3d Cir. 2008)).

When a party challenges the existence of diversity jurisdiction, the court must determine whether the challenge is a facial or factual attack.[2] *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 35 (3d Cir. 2018). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Pretuska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (alteration in original) (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

With a factual attack, the court is free to "look beyond the pleadings" and weigh the evidence submitted to show diversity is lacking. *Const. Party*, 757 F.3d at 358. Initially, the defendant bears the burden of production to establish a factual challenge. *GBForefront*, 888 F.3d

---

546, 552 (2005). Defendants do not contend this Court has federal question jurisdiction over this matter. Plaintiff's State Court Complaint states no claim under federal law, and thus there is no basis for jurisdiction under Section 1331. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (holding jurisdiction under Section 1331 generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

[2] "Because a motion to remand shares an essentially identical procedural posture with a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it is properly evaluated using the same analytical approach." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016).

at 35. Once the defendant raises a factual challenge, the plaintiff then bears the burden of proof to establish jurisdiction, or its absence, by a preponderance of the evidence. *Id.* "[W]hen the merits and jurisdiction are closely related, a court may determine subject matter jurisdiction without reaching the merits, so long as the court 'demand[s] less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (second alteration in original) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "If there is a dispute of material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." *Lincoln Benefit*, 800 F.3d at 105.

This Court construes Defendants' NOR, opposition to the MTR, and subsequent objection to the R&R as a factual challenge.[3] Defendants directly challenge the facts alleged in the Complaint concerning Plaintiff's membership in Take Flight which in turn impacts the jurisdictional inquiry given that Take Flight is an LLC. *See Rowan Univ. v. Factory Mut. Ins. Co.*, No. 21-8992, 2021 WL 4947374, at *3 (D.N.J. Oct. 25, 2021) (reasoning the plaintiff's motion mounted a factual attack on subject matter jurisdiction where the plaintiff disputed the defendant's allegation "that Rowan is a citizen of New Jersey and set[] forth additional facts to indicate that diversity of citizenship d[id] not exist in this matter."). Even so, this Court notes that its resolution and discussion of Defendants' factual attack on Plaintiff's assertion of diversity jurisdiction by no

---

[3] This Court declines to adopt the legal conclusions contained in the R&R as it did not consider whether Defendants' jurisdictional challenge amounted to a facial or factual attack outright. A court "'must focus on the plaintiff's complaint at the time the petition for removal was filed[,]' and 'assume[s] as true all factual allegations of the complaint,'" (R&R at 3 (quoting *Steel Valley Authority v. Union Switch and Signal Division*, 809 F.2d 1006, 1010 (3d Cir. 1987)), once it has determined the jurisdictional challenge before it can be characterized as a facial one. *See GBForefront*, 888 F.3d at 35 (explaining that courts faced with "an issue regarding a jurisdictional defect . . . must determine whether the challenge is" facial or factual); *Davis*, 824 F.3d at 346 (emphasis added) (stating courts are required to consider a complaint's allegations as true for *facial* jurisdictional challenges). Having determined Defendants' challenge is best characterized as a factual challenge, this Court conducts a *de novo* review of the issues raised.

means constitutes an adjudication of the merits as to whether the 2024 Operating Agreement was validly entered into by the parties or was a product of duress.[4]

Defendant sufficiently established a factual attack in its Notice of Removal, opposition to Plaintiff's MTR, and accompanying exhibits to the Opposition Brief, thus shifting the burden to Mr. Dean to prove the absence of diversity jurisdiction by a preponderance of the evidence. In support of their argument that Mr. and Mrs. Meyers are Take Flight's sole members, Defendants submitted a series of emails from October 2 and 10, 2023, respectively, in which Defendants' Certified Public Accountant ("CPA") attempted to communicate with someone at the New Jersey Division of Revenue and Enterprise Services ("the Division") regarding filing a Reg-C to "add [Mrs. Meyers] as a member and convert to a partnership." (D.E. 10-1, Ex. A.) Defendants also submitted a Business Registration Certificate from October 10, 2023. The Business Registration Certificate indicates Mr. and Mrs. Meyers are partners owning a ninety-nine and one-percent interest, but the document does not list a trade name or business name. (D.E. 10-2, Ex. 2.) Additionally, Defendants submitted a series of tax forms and documents listing Take Flight as a partnership and Mrs. Meyers as a limited partner. (D.E. 10-3, Ex. 3.)

Although the New Jersey Revised Uniform Limited Liability Company Act ("RULLCA") only applies where an "operating agreement does not otherwise provide for a matter," it is unclear whether there was a governing operating agreement from Take Flight's inception outlining and prescribing how new members were to be added, as Defendants have not submitted any such operating agreement to this Court. Thus, this Court presumes the RULLCA's provisions apply. *See* N.J. Stat. Ann. § 42:2C-11(a)(4) (providing that an LLC's operating agreement governs "the

---

[4] The Third Circuit has previously cautioned courts determining challenges to subject matter jurisdiction under Rule 12(b)(1) from treating said motions the same as a Rule 12(b)(6) motion to dismiss "and reaching the merits," because the former's standard is lower. *Gould Elecs.*, 220 F.3d at 178.

means and conditions for amending the operating agreement"); N.J. Stat. Ann. § 42:2C-11(b) (stating the RULLCA governs "[t]o the extent [an] operating agreement does not otherwise provide for a matter described" in subsection (a) of section eleven); *Flor v. Greenberg Farrow Architectural Inc.*, No. A-2208-20, 2023 WL 7036278, at *15 (N.J. Super. Ct. App. Div. Oct. 26, 2023) (explaining the RULLCA "allows for self-governance by way of an operating agreement but does not require members to execute one to form an LLC" and provides default rules when there is no operating agreement).

Under the RULLCA, once an LLC is formed, a person can become a member in a few ways. A person can become a member: (1) as provided in the LLC's operating agreement; (2) as the result of a transaction effective under Article 10 (sections seventy-three through eighty-seven), which governs mergers and conversions; and (3) with the consent of all members. N.J. Stat. Ann. § 42:2C-31(c). Defendants argue Plaintiff's claimed interest in the LLC cannot be valid because all members of the LLC—namely, Mr. and Mrs. Meyers—did not consent to such a change. (D.E. 8 at 9–10.) Yet, in making this argument Defendants simultaneously undermine their claim that Mrs. Meyers is a member of Take Flight because Defendants have not shown how Mrs. Meyers rightfully acquired her membership in the LLC consistent with the RULLCA's provisions.

Although Defendants do not explicitly argue this, assuming Mrs. Meyers became a member of Take Flight through a conversion of Take Flight from an LLC to a partnership—as this is what the emails between Defendants' CPA, Mr. Meyers, and the Division seem to suggest—the evidence does not demonstrate compliance with the RULLCA's requirements. The RULLCA permits an LLC to "convert to an organization other than a foreign limited liability company." N.J. Stat. Ann. § 42:2C-78(a). To do so, all members of a converting LLC must first consent to a plan of conversion setting forth the name and form of the organization both before and after the

7

conversion. N.J. Stat. Ann. §§ 42:2C-78(b), -79(a). After the conversion plan is approved, the converting LLC must deliver the articles of conversion including a statement that the LLC has been converted into another organization. N.J. Stat. Ann. § 42:2C-80. Only when the certification of formation takes effect does the conversion become effective. *Id.* § 80(b)(1).

The evidence submitted by Defendants demonstrates a mere *attempt* to convert Take Flight from an LLC to a partnership. Not only is there no link between the series of emails and the Business Registration Certificate, but there is also no evidence past October 2023 confirming the conversion and establishing its compliance with the RULLCA's requirements or evidence demonstrating Mrs. Meyers' consent. Defendants' submission of a Department of the Treasury Internal Revenue Service Form 1065, Schedule K-1 is unconvincing, given that LLCs formed pursuant to the RULLCA are classified as partnerships for federal income tax purposes. *See* N.J. Stat. Ann. § 42:2C-92(a) ("For all purposes of taxation under the laws of this State, a limited liability company formed under this act . . . shall be classified as a partnership unless classified otherwise for federal income tax purposes.").

Further, Defendants' evidence falls short when contrasted with: (a) the Business Entity Status Report generated by Plaintiff's counsel on January 8, 2025, listing Mr. Meyers as Take Flight Advisors LLC's principal and listing no amendments and changes to the original certificate of formation and (b) Plaintiff's counsel's January 23, 2025 search results on the New Jersey Division of Revenue and Enterprise Services' Business Entity Documents locator solely listing Take Flight's original Certificate of Formation from 2021. (D.E. 12-2 ("Lembesis Certification"), Exs. A & B.)

To controvert Defendants' evidence, Plaintiff also submitted evidence demonstrating he and Mr. Meyers discussed and negotiated the 2024 Operating Agreement—namely a series of

emails and a text message log supporting his claim that the parties met on several occasions. (D.E. 12-1, Ex. A (February 26, 2024 email from Plaintiff to Mr. Meyers discussing a proposed term sheet and Mr. Meyers' subsequent response); Ex. B (July 7, 2024 email to Mr. Meyers forwarding email from Plaintiff's attorney Christopher Hession containing the Operating Agreement); Ex. C (text message log).) Mr. Christopher Hession, the attorney who represented Plaintiff in the negotiations with Mr. Meyers, further corroborated that he, Plaintiff, and Mr. Meyers had an in-person meeting on April 17, 2024. (D.E. 12-3 ¶ 3; D.E. 12-3, Ex. A (email from Mr. Hession to Plaintiff expressing availability on April 17).)

In weighing the evidence before it, Plaintiff has met its burden of showing this Court lacks diversity jurisdiction by a preponderance of the evidence.[5] *See GBForefront*, 888 F.3d at 35. This, coupled with "the Third Circuit's command that 'all doubts should be resolved in favor of remand,' . . . tips the balance towards remand here." *Rowan Univ.*, 2021 WL 4947371 at *12 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). This Court concludes it lacks subject matter jurisdiction, as Plaintiff has shown diversity of citizenship does not exist between the parties in this case. *See* 28 U.S.C. § 1332(a).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This case shall be remanded to the New Jersey Superior Court, Bergen County, Law Division. An appropriate order follows.

---

[5] The forum defendant rule also divests this Court of subject matter jurisdiction. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (explaining that the forum defendant rule acts as a jurisdictional bar where "the case could not initially have been filed in federal court") (quoting *Korea Exchange Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995)).

9

                                          /s/ Susan D. Wigenton  
                                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk  
cc:     Parties  
        Cathy L. Waldor, U.S.M.J.