**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSHUA DEAN,<br><br>          **Plaintiff,**<br><br>v.<br><br>TAKE FLIGHT, LLC, and DAVD S.<br>MEYERS,<br><br>          **Defendants.** | **Civil Action No. 25-00172 (SDW) (CF)**<br><br>**REPORT & RECOMMENDATION** |

**CARI FAIS, United States Magistrate Judge**

Before the Court is Plaintiff's Motion for Sanctions Pursuant to Rule 11.  (Dkt. No. 23). United States District Judge Susan D. Wigenton referred this motion to the undersigned for a Report and Recommendation, which is hereby issued without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion be **DENIED.**

## I.    BACKGROUND

The Court assumes the parties' familiarity with the facts of this case, and therefore, recites only those facts relevant to the motion before the Court.  Defendants Take Flight Advisors, LLC ("Take Flight"), and David Meyers (collectively, "Defendants") removed this action from state court on January 7, 2025, based on diversity jurisdiction.  (Dkt. No. 1).  On January 10, 2025, Plaintiff Joshua Dean ("Plaintiff") filed a Motion to Remand ("MTR").  (Dkt. No. 7).  Also on January 10, 2025, Plaintiff served counsel for Defendants, R. James Kravitz, with a proposed motion for Rule 11 sanctions (the "Sanctions Notice").  (*See* Kravitz Decl. Ex. 9, Dkt. No. 26-10).

The Sanctions Notice argued that Defendants improperly removed this matter based on unsupported factual allegations that Plaintiff is not a member of Take Flight in an effort to delay adjudication in state court. (*Id.* at 11). The Sanctions Notice alleged that the removal was "clearly frivolous and intended to harass" and therefore worthy of Rule 11 sanctions. (*Id.* at 13).

The main issue before the Court on the MTR was whether Take Flight was a citizen of both New Jersey and Illinois, or solely New Jersey, for purposes of diversity jurisdiction. On May 13, 2025, retired Magistrate Judge Cathy L. Waldor issued a Report and Recommendation ("R&R") recommending that the District Court grant Plaintiff's MTR. (Dkt. No. 17). On July 28, 2025, the District Court issued an opinion remanding this matter to the New Jersey Superior Court, Bergen County, Law Division. *See Dean v. Take Flight Advisors, LLC*, No. 25-00172 (SDW), 2025 WL 2103985, at *1 (D.N.J. July 28, 2025).

In its opinion, the District Court found that Defendants established a factual challenge to the allegations in the complaint concerning Plaintiff's membership in Take Flight. *Id.* at *3 ("Defendant sufficiently established a factual attack in its Notice of Removal, opposition to Plaintiff's MTR, and accompanying exhibits to the Opposition Brief, thus shifting the burden to Mr. Dean to prove the absence of diversity jurisdiction by a preponderance of the evidence."). The District Court pointed to the various exhibits that Defendants submitted in support of their argument that Mr. and Mrs. Meyers are Take Flight's sole members, including a series of emails in which Defendants' Certified Public Accountant attempted to communicate with someone at the New Jersey Division of Revenue and Enterprise Services regarding filing a Reg-C to "add [Mrs. Meyers] as a member and convert to a partnership." *Id.* The District Court also considered Defendants' submission of a Business Registration Certificate from October 10, 2023 that does not list the business name but identifies Mr. and Mrs. Meyers as partners owning a ninety-nine and

2

one-percent interest, respectively, and a series of tax forms and documents listing Take Flight as a partnership and Mrs. Meyers as a limited partner. *Id.* Based on the showing by Defendants, the burden shifted to Plaintiff to prove the absence of diversity jurisdiction. *Id.* In reviewing the evidence that Plaintiff submitted in support of his position, the District Court found that Defendants' evidence "falls short" and that Plaintiff met his burden of showing a lack of diversity jurisdiction by a preponderance of the evidence. *Id.* at \*4. Noting the Third Circuit's requirement that "all doubts should be resolved in favor of remand . . . tips the balance towards remand here," the District Court granted Plaintiff's MTR. *Id.* at \*5.

On August 8, 2025, Plaintiff filed a Motion for Rule 11 Sanctions against Defendants' counsel, Mr. Kravitz and Brittany M. Barbet. (Dkt. No. 23). Plaintiff argues that counsel committed sanctionable conduct by filing the notice of removal, opposition and sur-reply to Plaintiff's MTR (including the delayed submission of a purported 2023 operating agreement memorializing Mrs. Meyers' membership interest in Take Flight), and objection to the R&R. (Pl.'s Br. at 3-7, Dkt. No. 23-1). Plaintiff argues that Defendants' counsel removed this case on unsubstantiated grounds that were contradicted by evidence and persisted in their frivolous position until the District Court remanded the case, all in an effort to delay adjudication. (*Id.* at 7). In opposition, Defendants argue that: (1) Plaintiff did not provide proper notice as required by Rule 11 because the Sanctions Notice differed from the motion that Plaintiff ultimately filed; (2) Plaintiff's motion is untimely because the District Court already remanded the case to state court; and (3) Defendants provided factual and legal support for the notice of removal, opposition and sur-reply to the MTR, and objection to the R&R. (Defs.' Br. at 10-16, Dkt. No. 26). Plaintiff replies that he complied with the safe harbor provision and that a motion for sanctions may be timely even after remand to state court. (*See* Pl.'s Reply at 4-14, Dkt. No. 27).

3

## II.    LEGAL STANDARD

Rule 11(c) of the Federal Rules of Civil Procedure permits a party to move for sanctions on a party or attorney who violates Rule 11(b).[1]  Fed. R. Civ. P. 11(c)(1)-(2).  The primary purpose of Rule 11 "is deterrence of abuses of the legal system."  *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988).  Rule 11 sanctions are reserved for "only exceptional circumstances."  *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3d Cir. 1987) (citation omitted).  They are not intended to punish parties for being on the "unsuccessful side of a ruling" or to shift the winner's counsel fees to the losing party.  *Id.*; *see also Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 95 (3d Cir. 1988) ("Rule 11 sanctions are appropriate 'only if the filing . . . constituted abusive litigation or misuse of the court's process.'" (citation omitted)).

When considering a Rule 11 motion for sanctions, a court must determine if the attorney's conduct was "objectively reasonable under the circumstances."  *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Acct.*, 618 F.3d 277, 297 (3d Cir. 2010) (citation omitted).

---

[1] Rule 11(b) provides in relevant part that:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Reasonableness is the "'objective knowledge or belief at the time of the filing of the challenged paper' that the claim was well-grounded in law and fact." *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (quoting *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990)).  Although "sanctions are generally disfavored," *see, e.g.*, *Ampro Computs., Inc. v. LXE, LLC*, No. 13-1937, 2016 WL 3703129, at *3 (D. Del. July 8, 2016), sanctions are appropriate in "the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous."  *Ario*, 618 F.3d at 297 (quoting *Doering*, 857 F.2d at 194); *accord Oliveri v. Thomspon*, 803 F.2d 1265, 1275 (2d Cir. 1986) ("[R]ule 11 is violated only when it is 'patently clear that a claim has absolutely no chance of success.'" (citation omitted)).  The moving party bears the burden of proving a Rule 11 violation.  *Makwana v. Medco Health Servs., Inc.*, No. 14-7096, 2017 WL 3741002, at *5 (D.N.J. Aug. 29, 2017) (citing *Gary v. Braddock Cemetery & Consol Energy*, 334 Fed. App'x 465, 467 (3d Cir. 2009)).

### III.    **DISCUSSION**[2]

The Court recommends that Plaintiff's motion be denied because he fails to carry his burden of showing that Defendants' notice of removal and filings opposing Plaintiff's MTR were

---

[2] This Court retains jurisdiction to address Plaintiff's motion for Rule 11 sanctions even after this matter has been remanded to state court for lack of jurisdiction.  *See Lazorko v. Pa. Hosp.*, 237 F.3d 242, 247 (3d Cir. 2000) ("Although the District Court relinquished jurisdiction over this case when it either dismissed or remanded all the claims before it, it still had jurisdiction to order sanctions."); *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1258-60 (3d Cir. 1996) (holding district court had jurisdiction post-remand to award fees and costs under 28 U.S.C. § 1447); *Unanue Casal v. Unanue Casal*, 132 F.R.D. 146, 151 (D.N.J. 1989) (imposing Rule 11 sanctions after remanding the case), *aff'd*, 898 F.3d 39 (3d Cir. 1990); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 132, 139 (1992) (holding courts "may impose sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure in a case in which the district court is later determined to be without subject-matter jurisdiction").

While the Court has jurisdiction to impose Rule 11 sanctions, neither party explicitly addressed the issue of whether Plaintiff's sanctions motion, filed after remand, is consistent with the Third Circuit's supervisory rule requiring counsel seeking Rule 11 sanctions to file their motions before

"patently unmeritorious or frivolous." *See Ario*, 618 F.3d at 297. Defendants asserted a non-frivolous, albeit ultimately unsuccessful, factual attack on Plaintiff's allegations concerning his membership in Take Flight. Indeed, the District Court found that Defendants put forth sufficient evidence to meet their initial burden of production and shift the burden of persuasion to Plaintiff. *Dean*, 2025 WL 2103985, at *3. In support of their position that diversity existed because the 2024 operating agreement between Plaintiff and Mr. Meyers (the "2024 Operating Agreement") was invalid, Defendants argued that: (1) the agreement was signed under duress and was therefore void and unenforceable; (2) Mrs. Meyers was a member of Take Flight and had not signed the 2024 Operating Agreement; and (3) the 2024 Operating Agreement was void for lack of consideration. (*See* Dkt. No. 1 at 3-4). They supported these arguments with sworn statements from both Mr. Meyers and Mrs. Meyers, a business registration receipt, communications with their accountant regarding registering Take Flight as a partnership with the state, a 2023 Schedule K-1 for Mrs. Meyers, and a 2023 operating agreement signed by both Mr. and Mrs. Meyers. (*See* Dkt. Nos. 9, 10, and 16-1). Defendants also filed a letter that Take Flight's pre-litigation counsel sent to Plaintiff on November 18, 2024—prior to the notice of removal and before the state court complaint was even filed—explaining Defendants' position that the 2024 Operating Agreement was invalid, which undermines the argument that Defendants made these claims solely to delay adjudication of this matter in state court. (Dkt. No. 11-1). Ultimately, the District Court found that Plaintiff's evidence that diversity was lacking outweighed Defendants' evidence. *Dean*, 2025 WL 2103985, at *5. But Defendants' failure to persuade the District Court by a preponderance of the evidence after meeting their initial burden of production does not come close to the "patently

---

entry of final judgment in the district court. *Pensiero*, 847 F.2d at 100. However, the Court need not decide whether the supervisory rule bars Plaintiff's motion, because it finds that sanctions are not warranted.

unmeritorious or frivolous" standard required to establish a Rule 11 violation. *Ario*, 618 F.3d at 297.

Nor has Plaintiff proved that defense counsel was unreasonable to rely on the Meyers' sworn allegations and supporting documents as bases for Defendants' removal. True, Rule 11 "imposes an affirmative duty upon an attorney and/or party to conduct a reasonable inquiry into the factual and legal bases of all claims before filing any document with the court," but that duty "does not prevent an attorney from relying on representations made by another person." *In re Children's Place Secs. Litig.*, No. 97-5021, 1999 WL 34793212, at *4 (D.N.J. Apr. 20, 1999). In fact, "[a]ttorneys may reasonably rely on what their clients tell them and advocate for their interests accordingly, unless and until they have reason to believe that their clients are lying." *Adesanaya v. Novartis Pharms. Corp.*, No. 13-5564 (SDW) (SCM), 2016 WL 4401522, *8 (D.N.J. Aug. 15, 2016). On this motion, there is no evidence demonstrating that defense counsel had reason to believe that Mr. Meyers was lying about the circumstances surrounding his execution of the 2024 Operating Agreement. Courts deciding the reasonableness of an inquiry for Rule 11 purposes "should 'avoid the wisdom of hindsight'" and consider only "what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Children's Place*, 1999 WL 34793212, at *4 (quoting *Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 752 (3d Cir. 1993)).

Based on this record, the Court cannot find that defense counsel's conduct in removing and opposing remand based on Defendants' position that Plaintiff is not a member of Take Flight was done to harass, cause unnecessary delay, or needlessly increase the cost of litigation. Defendants were unsuccessful in their removal, but this case does not present the sort of "exceptional circumstances" for which the Court reserves sanctions. *See Mary Ann Pensiero, Inc.*, 847 F.2d at

7

99; *Gaiardo*, 835 F.2d at 483 (sanctions not warranted where the "only sin was being on the unsuccessful side of a ruling or judgment"); *L.W. v. Jersey City Bd. of Educ.*, No. 22-6483 (SDW) (MAH), 2024 WL 1507677, at *10 (D.N.J. Apr. 8, 2024), *reconsideration denied*, 2024 WL 4708100 (D.N.J. Nov. 7, 2024) (denying motion for sanctions alleging numerous legal and factual misrepresentations, finding that "no exceptional circumstances exist, even if some statements or contentions were not properly supported"); *Pandey v. Cont'l Cas. Co., Inc.*, No. 20-19958, 2021 WL 11593796, at *3 (D.N.J. Feb. 16, 2021) (recommending denial of sanctions where, although the Court found no merit to Plaintiff's motion, the "tipping point of frivolousness" had not been reached and counsel had not "missed the mark widely enough for sanctions").

Because the Court recommends denying the motion based on Plaintiff's failure to establish a violation of Rule 11, the Court does not address Defendants' argument that the Sanctions Notice failed to comply with Rule 11(c)(2) because it did not reference each filing contained in Plaintiff's motion.[3]   However, the Court does find that Plaintiff did not comply with Rule 11's safe harbor provision with respect to its motion against Ms. Barbet.  Plaintiff did not serve Ms. Barbet with the Sanctions Notice, and the Sanction Notice's proposed order sought sanctions only against Mr. Kravitz.  (Kravitz Decl. Ex. 9 at 2, Dkt. No. 26-10).  Plaintiff's failure to serve Ms. Barbet with notice as required by Rule 11(c)(2) is fatal to Plaintiff's ability to seek sanctions against her.  *See Del Giudice v. S.A.C. Capital Mgmt., LLC*, No. 06-1413, 2009 WL 424368, at *7 (D.N.J. Feb. 19, 2009) ("If a party chooses to bring a motion for sanctions under Rule 11, it must first serve the

---

[3] Rule 11(c)(2) requires the moving party to serve the motion for sanctions, pursuant to Rule 5, on the party against whom sanctions are sought twenty-one days prior to filing the motion.  Fed. R. Civ. P. 11(c)(2).  This is known as the safe harbor provision and permits the filer to withdraw or correct the challenged paper or representation before sanctions attach.  *See Commodity Futures Trading Comm'n v. Traders Global Grp. Inc.*, No. 23-11808, 2025 WL 2166272, at *16 (D.N.J. May 13, 2025) (discussing Rule 11 safe harbor provision).

motion on the party and/or *the attorney against whom sanctions are sought*" (emphasis added));

*see also Fink v. Bishop*, No. 23-0566, 2024 WL 863300, at *11 (D.N.J. Feb. 29, 2024) (denying

Rule 11 motion solely for failure to comply with safe harbor provision of Rule 11(c)(2)).

### IV.    CONCLUSION

For these reasons, the Court respectfully recommends that the District Court deny

Plaintiff's Motion for Sanctions.

**IT IS, THEREFORE,** on this 2nd day of March, 2026,

**RECOMMENDED** that Plaintiff's Motion for Sanctions be **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall terminate the motion pending at Dkt. No. 23

and activate this Report and Recommendation for the District Court's review; and it is further

**ORDERED** that the parties have fourteen (14) days to file an objection to this Report and

Recommendation pursuant to 27 U.S.C. § 636 and Local Civil Rule 72.1.

**/s/ Cari Fais**
**Hon. Cari Fais**
**United States Magistrate Judge**

cc:    Hon. Susan D. Wigenton, U.S.D.J.

9